Parker C. J.
delivered the opinion of the Court. We think it very clear, that the statute authorizing representatives of deceased parties in a suit to come in and prosecute to judgment, is a valid act, and that it may well apply to cases pending at the time it passed.[1] It is not retrospective in relation to this case, because the fact, on which it is to operate, did not take place until after the passing of the statute.
As to the admission of parol evidence, to show that the administration was void because the judge of probate had no jurisdiction, the question was virtually, if not directly, decided in this same case on the former hearing.[2] The counsel then brought it distinctly before the Court, and the objection was overruled; and we see no reason to change our opinion, no authority having been produced to show that it was wrong. *268 The inconvenience of vacating acts of a judicial nature, a long t'me a^ter have passed, is undoubtedly considerable ; but if they are void, there seems to be no lapse of time which will make them valid. Nor does it appear, that the inconvenience would be less, in many respects, if the act should be avoided within twenty years, or by evidence other than parol. If the legislature should enact that no administration should be vacated for want of jurisdiction, after the lapse of twenty years, perhaps it would be wise, but we see no way to establish such a principle by judicial power.
As to the objection, that a smaller proportion of the tenancy in common is recovered than is demanded in the declaration, we consider the point well settled in Dewey v. Brown, 2 Pick. 387, and recognized in Somes v. Skinner, 3 Pick. 52, [2nd ed. 62, note 2.] We see no ground of distinction between a writ of entry and a writ right in this particular.[1]
In regard to the objection, that the declaration does not aver a descent from the original demandant, to those who have been admitted of record to prosecute as his heirs, we think enough appears to give them the right secured by the statute. A written motion was filed in March term 1829, stating, in substance, every thing which would be required in an amended count, if one had been filed. The tenants had notice and filed tbeir denial of the descent, and the fact was proved to the jury. If there is any informality in trying the issue as originally made up, which was on the mere right of the original demandant, it results from the statute. All that is required is, that the fact of the death and of the descent shall appear on record, and this may be done by a new count, or by suggestion, as the court shall direct. The issue, as last tried, was substantially between the heirs admitted to prosecute and the tenants ; and the verdict has established the right of the heirs. If the original verdict had been for the demandant, in his lifetime, and if he had died before judgment, the heirs, under the statute, might come in and pray for judgment. The pleadings in that case could not be altered. If the right of the heirs was denied, a special issue would probably have been ordered to try it.

Motion for new trial overruled.

 See Revised Stat. c. 93, § 4.

 See Revised Stat. c. 83, § 12.

 See Revised Stat. c, 101, § 11.